THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENTS, *v.* WALTER H. CHASE, APPELLANT.

*Divorce — the judgment of a foreign court, when void as to a citizen of this State — when new documentary evidence cannot be brought, in the first instance, before the appellate court.*

A court of another State cannot adjudge to be dissolved and at an end a matrimonial relation of a citizen of this State, who is domiciled and actually abiding here throughout the pendency of the judicial proceedings in such other State, when he has not personally appeared therein, and when process was not personally served upon him there, or actual notice of the proceeding given to him.

The appellant was convicted of bigamy, by reason of the court below holding that a judgment of divorce procured by him, from a former wife, in another State, was valid. Upon an appeal brought by him the appellate court held that the judgment was void.

The district attorney, in order to sustain the conviction, sought to produce upon the argument, a decree of divorce procured in this State by the said wife against the accused.

*Held,* that this could not be done.

APPEAL from a judgment of the Court of General Sessions of the city and county of New York, convicting the defendant of bigamy.

*John O. Mott,* for the appellant.

*John McKeon,* district-attorney, for the people.

Brady, J.:

The appellant was charged with the crime of bigamy. The indictment averred that, on the 22d of February, 1876, at the town of Springport, in the State of Michigan, he married one Mary Sanford, and on the 1st of October, 1881, at the city of New York, he also married Alice E. McElroy, and that Mary Sanford, at the time of the second marriage, was living. The appellant, in response to the accusation thus made against him, proved that he was married on the 25th day of December, 1867, at Alexander, Genesee county, in this State, to Florence Adele Strong, and that she was living on the 22d of February, 1876, in Batavia, in this State, which had always been her home. The defendant's counsel thereupon offered in evidence section 1 of chapter 170, of the Compiled Laws of the State of Michigan, which is in the following words, to wit:

Section 1. "All marriages which are prohibited by law, on account of consanguinity or affinity between the parties, or on account of either of them having a former wife or husband then living; all marriages solemnized when either of the parties was insane or an idiot, and all marriages between a white person and a negro, shall, if solemnized within this State, be absolutely void, without any decree of divorce or other legal process."

The defendant, upon cross-examination, asserted that he was not divorced from Adele Strong by the decree of the Circuit Court of Cook county, in the State of Illinois, upon the 25th of December, 1875. The district attorney in rebuttal offered in evidence a paper entitled a "transcript of proceedings," from which it appeared that the appellant had instituted in that State a proceeding against Florence A. Chase, his wife, which resulted in a decree of divorce, founded upon a charge of desertion by her, without any reasonable cause, for the space of two years prior to the filing of the bill.

This evidence was objected to upon the ground, that it appeared upon the prosecution herein, that Florence A. was a non-resident of the State of Illinois at the time of the proceedings for a divorce, and had always been a resident of this State, and upon the further ground that the paper was immaterial, incompetent and irrelevant. The objection was overruled and an exception duly taken. The defendant's counsel then objected to the introduction of the docu-

ment on the ground that it had not been proved that there was, at the times mentioned in it, any such court in the State of Illinois as the Circuit Court of Cook county, or that it had any jurisdiction over the parties or the subject-matter therein stated, and further that there was no identification of the parties. These objections were overruled, and the defendant's counsel duly excepted.

The defendant's counsel, also, upon the conclusion of the testimony, requested the court to instruct the jury to acquit the defendant upon the ground, amongst others, that it appeared that the defendant was married in 1867, and that the person to whom he was then married was living at the time it was alleged in the indictment that he was married to Mary Sanford, in Springport, Michigan, thereby rendering the marriage to the latter, under the law of Michigan, void, and so void here.

The court refused to charge as requested, and an exception was duly taken.

The court, on submitting the case to them, charged the jury that on the undisputed facts, it appeared that the defendant was married to one Florence Adele Strong on the 22d of February, 1867, and that on the 25th of September, 1875, he was divorced from her by a decree which was rendered by a competent court having jurisdiction of the subject-matter of the action, to which an exception was taken.

The court also instructed the jury as follows :

" I hold, and so charge, for the purposes of this trial, that at the time the defendant contracted the second marriage with Mary S. Chase he was then competent in law to contract a valid and legal marriage, and that that marriage was a valid and legal marriage in law." To this the defendant's counsel excepted.

Several other exceptions were taken during the progress of the trial by the defendant's counsel, but in the view which is taken of this appeal, it will be unnecessary to consider them.

It will have been perceived that by the statute of Michigan a marriage in that State between parties, either of whom at the time had a former wife or husband then living, should be absolutely void without any decree of divorce or legal process, and it follows that unless the divorce which was obtained by the appellant in the State of Illinois was a valid dissolution of the contract of marriage

existing between him and Florence A. Strong, the marriage in Michigan was absolutely void *ab initio*. In other words, it was in legal effect no marriage whatever.

It is quite apparent from the evidence that at the time of the prosecution of the divorce proceedings in the State of Illinois, the defendant Florence A. was a resident of this State, and that no personal notice was given to her, nor is there any proof of personal service of a copy of the proceedings upon her. According to the transcript it appears that she was duly served with notice of the pendency of the suit by service of a copy of the bill of complaint in the manner prescribed by statute, but what that manner was does not appear. It may have been by publication. No evidence relating to the asserted decree of divorce was given, other than the transcript already mentioned, and this seems to have been in answer to the statement of the appellant on cross-examination, that he was not divorced from Florence A. by a decree of the Circuit Court of Cook county, in the State of Illinois. The people, having introduced the decree of divorce mentioned in evidence, were bound to show that it was legal within the adjudications of this State on the subject; which they failed to do by omitting to show personal notice or other facts establishing that the court in which the decree was entered had jurisdiction over the defendant Florence A. That this was an essential element has been decided in the case of *The People* v. *Baker* (76 N. Y., 88).

It was distinctly declared in that case that a court in another State could not adjudge to be dissolved, and at an end a matrimonial relation of a citizen of this State, domiciled and actually abiding here throughout the pendency of the judicial proceedings there, without a voluntary appearance by him therein, and with no actual notice to him thereof, and without personal service of process upon him within that State.

Having arrived at this conclusion, and applying the statute of Michigan, to which reference has been made, it appears that the marriage which took place in that State was absolutely void, because, as already suggested, it is not a valid marriage by the law of the State in which the ceremony was performed. As the proof stood, therefore, the defendant was shown to have been married once and once only. It is not disputed that in order to convict a person

accused of bigamy, the second marriage must, according to the laws of the State where it occurred, be valid, a rule which was recognized by the learned recorder in charging the jury, and who, as we have seen, instructed them that the marriage in Michigan was a valid marriage until it was set aside by a court, and of course that meant a court of competent jurisdiction.

The learned district attorney produced, upon the argument, a copy of the decree of a divorce in an action brought by Florence A. Chase against the appellant, which was granted on the 8th of February, 1876, and which was therefore a few days before the marriage was contracted in the State of Michigan, and asked the court *in banc* to take judicial notice of the fact of such decree.

We find no warrant for any such proceeding from an examination of the cases cited on the part of the people, and an examination of the subject generally. No adjudication has been found which establishes the right of the people to resort, in a prosecution for bigamy, to such a document *in banc*, to sustain a conviction. It was the duty of the prosecution to have proved that fact on the trial, if it was intended to use it against the appellant, in order that he might have the opportunity of answering it if he could do so. The right to convict did not rest upon that decree, but upon the decree of divorce entered in the State of Illinois, of which proof was given. Under the circumstances, it is impossible to sustain the conviction herein, a conclusion at which the court arrives with regret. But the statute of the State of Michigan leaves no other alternative.

The judgment must be reversed, and a new trial ordered.

DAVIS, P. J., and INGALLS, J., concurred.

Judgment reversed, and new trial ordered.